42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julien H. THOMPSON, Plaintiff-Appellant,
v.
DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 94-15315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Julien H. Thompson appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Thompson contends the district court erred by (1) dismissing his complaint; (2) denying his request for court-appointed counsel; and (3) denying his request for a certificate of probable cause. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 * Dismissal of Complaint
 
 
 4
 Under 28 U.S.C. Sec. 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 In his complaint, Thompson alleged that he had been denied access to freedom, fresh air and sunshine; voting rights; meaningful access to the courts; effective use of law libraries; and had been threatened, harassed and verbally abused by guards, deputies and police personnel. Thompson listed numerous defendants: (1) the unnamed Director of the California Department of Corrections; (2) L.R. Snider, Acting Warden of the prison at Tehachapi; (3) Sherman Block, L.A. County Sheriff; (4) James Jalilli, Santa Monica City Manager; (5) Ira Reiner, L.A. County Attorney; and (6) Robert Meyers, Santa Monica City Attorney, stating that all were liable as supervisors.
 
 
 6
 After reviewing Thompson's complaint, the district court dismissed it as frivolous, noting that vicarious liability did not apply, and that Thompson had failed to allege any facts connecting the named defendants to the asserted constitutional violations. Thompson was given thirty days to amend the complaint. Thompson obtained an extension of time to file his amendment, but in the next eighteen months never filed an amended complaint as instructed.
 
 
 7
 Our review of Thompson's complaint indicates that he did not allege nor can the facts be construed to allege that any of the defendants, as supervisors, either participated in or directed any alleged constitutional violations, or knew of the alleged violations and failed to act to prevent them. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (a supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them). Respondeat superior alone is not a sufficient basis for the liability of these officials under section 1983. See id. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).
 
 
 8
 Deprivation of a constitutional right, within the meaning of section 1983, requires that the defendant perform "an affirmative act, participate[ ] in another's affirmative acts, or omit[ ] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (internal quotation and citation omitted). With respect to causation, the inquiry must focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id.
 
 
 9
 Here, Thompson failed to allege any facts which establish either the violation of a constitutional right or that a named defendant caused any alleged constitutional injury. See Taylor, 880 F.2d at 1045. Thompson failed to provide any facts that describe the role of any named defendant in his allegations or any act or omission by a defendant that could arguably be construed as causing the claimed injuries. See id. He repeatedly asserted vague, conclusory, and incomprehensible claims despite being given clear instructions on what he needed to allege in the complaint.
 
 
 10
 Dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is appropriate when, as here, the complaint alleges baseless factual contentions. Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989). Thompson was allowed the opportunity to amend his complaint, but failed to do so. Id. Thus, the district court did not abuse its discretion by dismissing Thompson's complaint as frivolous. See Denton, 112 S.Ct. at 1734.
 
 II
 Appointment of Counsel
 
 11
 Thompson also contends that the district court erroneously refused to appoint counsel to assist him in this case. This contention lacks merit.
 
 
 12
 There is no constitutional right to appointment of counsel in section 1983 cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). Appointment of counsel pursuant to section 1915(d) is at the district court's discretion, and requires the court to make a finding of exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). In determining whether exceptional circumstances exist, this court reviews the pleadings to determine the complexity of the issues, the plaintiff's ability to articulate his claims, and the likelihood of success on the merits. Id.
 
 
 13
 The issues presented here are not unduly complex and Thompson has not shown a likelihood of success on the merits. See id. Therefore, no exceptional circumstances warranting appointment of counsel exist. Id.
 
 III
 Certificate of Probable Cause
 
 14
 Finally, Thompson contends that the district court erred by failing to grant him a certificate of probable cause to appeal. This contention lacks merit.
 
 
 15
 A state prisoner is required to obtain a certificate of probable cause in order to appeal the district court's decision in a habeas corpus proceeding. See 28 U.S.C. Sec. 2253; Fed.R.App.P. 22(b). Thompson's complaint, however, was brought under 42 U.S.C. Sec. 1983, not habeas corpus. To the extent that Thompson attempts to raise habeas issues on appeal, we note that he has failed to exhaust his available state remedies, a necessary requirement for federal consideration of his claim. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 518 (1982).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3